UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

THOMAS SINGLETARY,

              Plaintiff,

  -against-                                            MEMORANDUM
                                                           AND ORDER
JAMES L. TOMARKEN; VINCENT DEMARCO;       13-CV-04727 (JG)(LB)
MR. EWALD; VINCENT GERACI; DENNIS
RUSSO; BRETT RUFFO,

              Defendants.
--------------------------------------------------------------X
JOHN GLEESON, United States District Judge

        On August 19, 2013, plaintiff Thomas Singletary, currently incarcerated at Auburn Correctional Facility, commenced this *pro se* action pursuant to 42 U.S.C. § 1983. He seeks damages and declaratory relief. I grant Singletary's request to proceed *in forma pauperis*[1] ("IFP") pursuant to 28 U.S.C. § 1915, but I dismiss the claims against defendants Tomarken, DeMarco, Ewald, and Geraci with leave to amend. Plaintiff's claims against defendants Russo and Ruffo may proceed as set forth below.

A.    *Factual Background*

        Singletary sues the Suffolk County Health Commissioner (James L. Tomarken), the Sheriff of Suffolk County (Vincent DeMarco); the Warden (Charles Ewald) and the Medical

---

[1] In 1995, Congress passed the Prison Litigation Reform Act ("PLRA") in an effort "to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *Leonard v. Lacy*, 88 F.3d 181, 185 (2d Cir.1996). The PLRA amended the IFP statute to require the court to collect the full filing fee from petitioner's prison account. 28 U.S.C. § 1915(a)(2), (B). If a prisoner does not have the money up to pay the filing fee up front, prisoners may pay the filing fee over time through monthly installments. A Prisoner Authorization Form authorizes the facility to send to the Clerk of the Court a copy of his prison account statement for the past six months and authorizes the facility to calculate and deduct amounts from a prison trust fund toward the Court $350.00 filing fee.

Director (Dr. Vincent Geraci) of the Riverhead Correctional Facility; he also sues two treating physicians (Dr. Dennis Russo, Dr. Brett Ruffo). Singletary alleges that, as a result of untreated rectal bleeding, he lost twelve pounds and now suffers from lower back and leg pain and has an impaired his ability to walk. Compl. at 4. Despite multiple court orders from Judge James Hudson directing that he be seen by the medical department, he alleges that he did not receive prompt care while detained at Riverhead Correctional Facility in 2013 and, when he did receive care, it was both humiliating and inadequate. Compl. at 1. He seeks damages of $2.5 million dollars and asks that "if he were ever incarcerated at the Riverhead Corr. Fac. for any reason," his medical needs be "treated with the utmost professionalism from the senior medical staff." Compl. at 7.

B.     *Standard of Review*

Because Singletary brings this action *pro se*, his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted); *accord Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Under 28 U.S.C. § 1915A, I have a duty to dismiss the complaint, or any portion of it, if it (1) is frivolous, malicious or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. *See generally Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, under 28 U.S.C. § 1915(e)(2)(B), I am required to dismiss an *in forma pauperis* action if, *inter alia*, it fails to state a claim on which relief may be granted. However, where a liberal reading of the complaint "gives any indication that a valid claim might be stated," I must grant leave to amend it at least once. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted).

C.  *Governing Law*

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To sustain a claim brought under Section 1983, Singletary must allege that (1) "the conduct complained of . . . [was] committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived . . . [him] of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Moreover, he must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

Singletary alleges that the defendants, acting under the color of state law, violated his rights under the Eighth Amendment to the United States Constitution. The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits cruel and unusual punishments, including punishments that involve the unnecessary and wanton infliction of pain. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). Mere medical malpractice alone does give rise to a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 104-05 (1976) (concluding that mere negligence or inadvertence will not satisfy the deliberate indifference standard). Thus, an Eighth Amendment claim arising out of inadequate medical care requires a demonstration of "deliberate indifference to [a prisoner's] serious medical needs." *Id.* at 104.

Deliberate indifference is "a mental state more blameworthy than negligence," and is "a state of mind that is the equivalent of criminal recklessness." *Keane*, 341 F.3d at 144

(internal quotation marks omitted). As the Second Circuit has explained, the standard for deliberate indifference includes both a subjective component and an objective component. *See Hemmings v. Gorczyk*, 134 F.3d 104, 108 (2d Cir. 1998) (*per curiam*); *see also Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

> Subjectively, the official charged with deliberate indifference must act with a sufficiently culpable state of mind. That is, the official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. The objective component requires that the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists.

*Curcione*, 657 F.3d at 122 (internal quotation marks, citations and brackets omitted).

D. *Analysis*

Even construing the complaint liberally, Singletary has not alleged any facts to support a conclusion that the Sheriff DeMarco, Commissioner Tomarken, Warden Ewald and Medical Director Geraci had any involvement in the alleged deprivation of medical treatment or acted with requisite deliberate indifference. Indeed, none of these defendants is even mentioned in the body of the complaint. Instead, Singletary alleges in conclusory fashion that the "doctors, supervisors and medical directors/administrators at the Riverhead Correctional Facility have committed medical malpractice, deliberate indifference and cruel and unusual punishment." Compl. at 4. Supervisory status alone is not sufficient to impose liability. *See, e.g.*, *Sturgis v. DeMarco*, No. 13-CV-2125 (SJF), 2013 WL 2649842, at *3 (E.D.N.Y. June 07, 2013). Because he has failed to allege specific facts demonstrating how these individual defendants were involved in the Eighth Amendment violation, I dismiss the Section 1983 claims asserted against DeMarco,

4

Ewald, Geraci or Tomarken for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915A(b)(1); 1915(e)(2)(B)(ii). However, I grant leave to amend the complaint within 30 days to allege facts describing how DeMarco, Ewald, Geraci and/or Tomarken were involved in the alleged failure to provide medical care, and how their actions evince a deliberate indifference to Singletary's serious medical needs.

In contrast, the complaint alleges sufficient facts against defendants Dr. Dennis Russo and Dr. Brett Ruffo to proceed at this stage. These allegations, construed liberally, are sufficient to give these defendants fair notice of what the claim is and the grounds upon which it rests.

E.   *Conclusion*

The complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) against defendants Tomarken, DeMarco, Ewald, and Geraci. I grant Singletary leave to file an amended complaint within 30 days from the entry of this order as set forth above. If he elects to file an amended complaint, that submission should be captioned "AMENDED COMPLAINT" and bear the same docket number as this order, 13-CV-04727.

The Clerk of the Court is directed to issue a summons against Dr. Dennis Russo and Dr. Brett Ruffo and the United States Marshals Service is directed to serve the complaint and this Order on the defendants without prepayment of fees. A courtesy copy of the same documents shall also be served on the Suffolk County Attorney. The case is referred to the Honorable Lois Bloom, United States Magistrate Judge for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in*

5

*forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1996).

So ordered.

John Gleeson<br>
United States District Judge

Dated: Brooklyn, New York<br>
September 19, 2013