| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | FOR ONLINE PUBLICATION ONLY |
|---|---|

| | |
|---|---|
| THOMAS SINGLETARY,<br><br>             Plaintiff,<br><br>   - versus -<br><br>JAMES TOMARKEN, VINCENT DeMARCO, CHARLES EWALD, VINCENT GERACI, DENNIS RUSSO, BRETT RUFFO, and JOHN/JANE DOES 1-3<br><br>             Defendants. | MEMORANDUM<br>AND ORDER<br>13-CV-4727 |

JOHN GLEESON, United States District Judge:

    On August 19, 2013, Thomas Singletary, who is now incarcerated at Auburn Correctional Facility, commenced this *pro se* action pursuant to 42 U.S.C. § 1983. Singletary alleges that when he was incarcerated at Riverhead Correctional Facility, he was denied adequate medical care to treat his ulcerative colitis and, as a result, he lost twelve pounds, suffers from lower back and leg pain, and has an impaired ability to walk. On September 19, 2013, I granted Singletary's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but I dismissed the § 1983 claims against supervisory defendants James Tomarken, Vincent DeMarco, Charles Ewald, and Vincent Geraci for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). However, I granted leave to amend the complaint within thirty days to allege facts describing how defendants DeMarco, Ewald, Geraci and/or Tomarken were involved in the alleged failure to provide medical care, and how their actions evinced a deliberate indifference to Singletary's serious medical needs.

On October 15, 2013, Singletary filed a timely amended complaint. His amended complaint asserts that these four supervisory defendants were personally involved in his injuries, but does not provide sufficient facts to sustain civil rights claims against these defendants. Accordingly, the claims against DeMarco, Ewald, Geraci, and Tomarken are dismissed. The claims against defendants Russo and Ruffo may proceed as set forth below.

A. *Factual Background*

Singletary names four supervisory defendants: the Suffolk County Health Commissioner (Tomarken), the Sheriff of Suffolk County (DeMarco); the Warden (Ewald) and the Medical Director (Geraci) of the Riverhead Correctional Facility. He also brings claims against two treating physicians, Dr. Dennis Russo and Dr. Brett Ruffo, and three unnamed Jane/John Doe defendants. Singletary alleges that, as a result of untreated rectal bleeding related to his ulcerative colitis, he experienced great physical pain and mental anguish, lost twelve pounds, now suffers from lower back and leg pain, and has an impaired ability to walk. Am. Compl. ¶ IV. Singletary claims that he did not receive prompt care while detained at Riverhead Correctional Facility in 2013 and that when he did receive care it was both humiliating and inadequate. *Id.* at ¶ IV-IVA. He seeks damages of $2.5 million and asks that "if [he] were ever incarcerated at the Riverhead Corr[ectional] Fac[ility] for any reason," his medical needs be "tended to with the utmost professionalism from the medical department." Am. Compl. ¶ V.

B. *Standard of Review*

Because Singletary brings this action *pro se*, his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted); *accord Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Under 28 U.S.C. § 1915A, I have a duty to dismiss the complaint, or any portion of it, if

it (1) is frivolous, malicious or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. *See generally Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, under 28 U.S.C. § 1915(e)(2)(B), I am required to dismiss an *in forma pauperis* action if, *inter alia*, it fails to state a claim on which relief may be granted.

    C.  *Governing Law*

"Supervisory liability is incurred when a supervisory defendant (a 'secondary actor') is in some way 'personally involved' with a primary actor's constitutional tort and is a cause of the plaintiff's injury." *Turkmen v. Ashcroft*, 915 F. Supp. 2d 314, 334 (E.D.N.Y. 2013). A government official is personally involved in a constitutional tort if he: (1) participated directly in the alleged violation; (2) failed to remedy the violation after being informed of the violation through a report or appeal; (3) created a policy or custom under which unconstitutional practice occurred, or allowed the continuance of such a policy or custom; (4) was grossly negligent in supervising a subordinate who committed the unlawful act; or (5) exhibited deliberate indifference to an individual's constitutional rights by failing to act on information indicating the unconstitutional act was occurring. *Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir. 1995) (citing *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir. 1994)).

An Eighth Amendment claim arising out of inadequate medical treatment requires a demonstration that the defendant prison official acted with "deliberate indifference to [the plaintiff's] serious medical needs." *Estelle,* 429 U.S. at 104. As the Second Circuit has explained, the standard for deliberate indifference includes both a subjective component and an objective component. *See Hemmings v. Gorczyk*, 134 F.3d 104, 108 (2d Cir. 1998) (*per curiam*); *see also Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)*.*

> Subjectively, the official charged with deliberate indifference must act with a sufficiently culpable state of mind. That is, the official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. The objective component requires that the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists.

*Hill*, 657 F.3d at 122 (internal quotation marks, citations and brackets omitted). The required subjective mental state of deliberate indifference consists of "something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan,* 511 U.S. 825, 835 (1970); *see also Mimms v. Carr*, 09-CV-5740, 2011 WL 2360059 at *12 (E.D.N.Y. June 9, 2011). In order to hold a supervisor liable for this type of Eight Amendment claim, the supervisor must have personally possessed this required culpable state of mind. *See Turkmen*, 915 F. Supp. 2d at 336.

D. *Analysis*

Singletary states that Geraci, as Medical Director of Riverhead Correctional Facility, set up a "review mechanism for specialist consultation and surgery approval [with the goal of] limit[ing] care as much as possible." Am. Compl. ¶ 45. Singletary also refers to a medical form utilized by the facility that includes a sentence which requires authorization by the medical director "for additional treatment, procedures and hospitalizations," from which plaintiff draws the inference that Geraci "has had personal involvement with my health care." Am. Compl. ¶ 8. Plaintiff does not allege facts that support an inference that Geraci was personally involved in his medical care. For a supervisor to incur liability based on the conduct of subordinates, it is not enough for plaintiff to show that defendant was in charge of other actors who actually committed the violation. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[V]icarious liability is inapplicable to *Bivens* and § 1983 suits . . . ."); *accord Richardson v. Goord,* 347 F.3d

4

431, 435 (2d Cir. 2003) (*per curiam*). Nor is the supervisor responsible for violations of which they had no knowledge. *See Richardson*, 347 F.3d at 435. There is no indication in the complaint or amended complaint that Geraci had any knowledge of the violations plaintiff has alleged.

Singletary also claims that Geraci promulgated a policy that unconstitutionally limited the medical treatment of inmates, which could fit within the third *Colon* category permitting liability based on a supervisor's creation of "a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom." *Colon*, 58 F.3d at 873. However, Singletary has not alleged facts from which it can be reasonably inferred that Geraci had the necessary *mens rea* of deliberate indifference to Singletary's serious medical needs, and the claims against Geraci must therefore be dismissed.

The claims against the remaining three supervisory defendants do not satisfy any of the *Colon* criteria. As to the Warden of Riverhead Correctional Facility, Charles Ewald, Singletary claims that Ewald had personal knowledge and involvement in his injuries because "[a]ny inmate leaving Riverhead Corr[ectional] Fac[ility] for a medical and or other outside trip requires the signature of the warden." Am. Compl. ¶ 46. Singletary accuses Ewald of failing to provide adequate medical grievance procedures and delaying his medical care solely on the basis of Ewald's purported practice of signing off on any absence of a prisoner from the facility. These allegations are insufficient to support an inference that Ewald acted or failed to act in any of the ways that would subject him to personal liability for the deprivations alleged by Singletary. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). Accordingly, Ewald is dismissed from the action.

Singletary has not alleged that DeMarco, the Sheriff of Suffolk County, had any personal involvement or knowledge of Singletary's alleged constitutional injuries. Singletary mentions DeMarco's general duties and responsibilities as the Sherriff, but does not identify any personal involvement or claim that DeMarco was aware of Singletary's injuries. Similarly, Singletary does not allege that Suffolk County Health Commissioner Tomarken was personally involved or knew about the alleged violations. Tomarken is named because "[a]s a policy maker [he is] invested with the power of the purse on medical decision at the Suffolk County Department of Health Service's Division of Patient Care Jail Medical Unit." Am. Compl. ¶ 49. Singletary's conclusory allegations are insufficient to demonstrate a basis for subjecting these defendants to personal liability under § 1983 and they are therefore dismissed.

E. *Conclusion*

The amended complaint, filed *in forma pauperis*, is dismissed against defendants DeMarco, Ewald, Geraci, and Tomarken pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). This action may proceed as to defendants Russo and Ruffo. The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: December 13, 2013
      Brooklyn, New York